## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL THEDFORD, # S-10649, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-00612-GPM |
| | ) | |
| STATE OF ILLINOIS, | ) | |
| MENARD CORRECTIONAL CENTER, | ) | |
| E. CHAPPELLE, AARON D. BROWN, | ) | |
| OFFICER D. DEATH ROLL, and | ) | |
| OFFICER SPENCER W. SAGASKIE, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff Michael Thedford, an inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 5-year sentence for aggravated robbery. Plaintiff claims that during his incarceration at Menard, Defendants violated his Eighth Amendment rights by using excessive force against him. Plaintiff seeks monetary damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

**The Complaint**

Plaintiff alleges that Menard correctional officers assaulted him on December 9, 2012 (Doc. 1, pp. 4, 7).  Plaintiff claims that Officer Davis, who is not named as a party to this action, led Plaintiff out of D-wing in restraints following an altercation with his cellmate (Doc. 1, p. 5). As Plaintiff was being led out, Defendant Chappelle, a correctional officer, ran toward Plaintiff and slammed his face into the wall (Doc. 1, p. 5).  Plaintiff also claims that Defendant Sagaskie, another correctional officer, taunted Plaintiff (Doc. 1, p. 5).  According to Plaintiff, the assault was unprovoked (Doc. 1, p. 8).

As a result of the incident, Plaintiff sustained lacerations to his face, and he believes he also sustained a broken nose (Doc. 1, pp. 4, 8).  Plaintiff was taken the healthcare unit where he received stitches for the laceration (Doc. 1, p. 8).  Since the incident, Plaintiff claims that has had constant headaches, blurry vision, and breathing problems (Doc. 1, p. 4).

Plaintiff has named Officers Brown, Roll, Chapelle, and Sagaskie (Doc. 1, p. 4) defendants in this action.   Additionally, Plaintiff has sued the Illinois Department of Corrections ("IDOC") and Menard for failing to ensure his safety and security (Doc. 1, p. 8).

## DISCUSSION

The Court finds it convenient to divide the complaint into three counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:**  Eighth Amendment claim against Defendants Chappelle, Brown, Roll, and Sagaskie for use of excessive force.

**Count 2:**  Eighth Amendment claim against Defendants IDOC and Menard for failing to protect Plaintiff from harm.

**Count 3:**   Eighth Amendment claim against Defendants IDOC, Menard, Chappelle, Brown, Roll, and Sagaskie for deliberate indifference to a serious medical need.

## Count 1 – Excessive Force

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment excessive force claim against Defendant Chappelle for slamming Plaintiff's face into the wall.  Therefore, Plaintiff shall be allowed to proceed on Count 1 against Defendant Chappelle.

However, Plaintiff has not included sufficient allegations in the complaint to implicate the personal participation of Defendants Brown, Roll, and Sagaskie in this constitutional violation.  "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."  *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).  Therefore, to be held liable under § 1983, a defendant must have participated directly in the constitutional violation.

The complaint merely alleges that Defendants Roll and Brown were "involved" in the incident, but contains nothing more.  Without more, the Court cannot infer that Defendants Roll and Brown were directly involved in the events surrounding the assault.  Additionally, the complaint alleges that Defendant Sagaskie taunted Plaintiff after the assault.  Without more, Plaintiff's allegations of taunting do not support a § 1983 claim.  *See, e.g., Patton v. Przybylski*, 882 F.2d 697, 700 (7th Cir. 1987); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).  Accordingly, Plaintiff shall not be allowed to proceed on Count 1 against Defendants Roll, Brown, and Sagaskie, and these Defendants shall be dismissed without prejudice from this action.

3

## Count 2 – Failure to Protect

Plaintiff cannot maintain a suit against Defendant IDOC because it is a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

Likewise, Menard, which is a division of the IDOC, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit.  *See Will*, 491 U.S. at 71.  Even if Plaintiff had named a person, such as the prison warden, as a defendant, he would have fared no better.  There is no supervisory liability in a § 1983 action.  To be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

For these reasons, Defendants IDOC and Menard are dismissed from this action with prejudice.

## Count 3 – Deliberate Indifference to a Serious Medical Need

Plaintiff has failed to articulate an actionable Eighth Amendment claim against Defendants.  Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To maintain a claim for deliberate indifference to a serious medical need, the plaintiff must demonstrate that he is

suffering from an "objectively, sufficiently serious" medical condition, and that prison officials "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).    *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted)

For purposes of this Order, it is not necessary to determine whether Plaintiff's facial laceration and nose injury constituted a serious medical condition because Plaintiff clearly fails to demonstrate that Defendants displayed deliberate indifference to his medical needs.   Plaintiff indicates in the complaint that he was taken to the health care unit following the incident, where his injuries were promptly treated.   Therefore, Plaintiff's complaint does not suggest that any Defendant displayed deliberate indifference to his medical needs. Accordingly, Plaintiff's Eighth Amendment claim against Defendants IDOC, Menard, Chappelle, Brown, Roll, and Sagaskie for deliberate indifference to a serious medical need shall be dismissed with prejudice.

## PENDING MOTIONS

 Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge **Donald G. Wilkerson** for further consideration.

Plaintiff's motion for order of protection (Doc. 7) shall also be referred to Magistrate Judge Wilkerson for further consideration.

Plaintiff's motion for miscellaneous relief (Doc. 8) shall also be referred to Magistrate Judge Wilkerson for further consideration.

## DISPOSITION

**IT IS HEREBY ORDERED** that **COUNTS 2** and **3** are **DISMISSED** with prejudice from this action for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that **DEFENDANTS ILLINOIS DEPARTMENT OF**

**CORRECTIONS** and **MENARD CORRECTIONAL CENTER** are dismissed with prejudice from this action.  **DEFENDANTS ROLL, DAVIS,** and **SAGASKIE** are dismissed without prejudice from this action.

The Clerk of Court shall prepare for **DEFENDANT CHAPPELLE**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3), motion for order of protection (Doc. 7), and motion for miscellaneous relief (Doc. 8).

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  August 12, 2013


s/  *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge