IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL THEDFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-612-GPM-DGW |
| ) | |
| E. CHAPPELLE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel filed by Plaintiff, Michael Thedford, on June 24, 2013 (Doc. 3), the Motion for Order of Protection filed by Plaintiff on July 15, 2013 (Doc. 7), and the Motion for Miscellaneous Relief filed by Plaintiff on July 19, 2013 (Doc. 8). For the reasons set forth below, the Motion for Recruitment of Counsel is **DENIED**, Motion for Order of Protection is **DENIED WITHOUT PREJUDICE**, and the Motion for Miscellaneous Relief is **DENIED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case –

factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has attached to his motion a list of firms and attorneys, who may take pro bono cases, that contains check marks next to four law firms and the handwritten address of a fifth law firm. Plaintiff offers no other indication that he has attempted to secure counsel without court intervention. This Court finds, then, that Plaintiff has not met the threshold requirement of attempting to seek counsel without court assistance. In any event, counsel will not be recruited at this time. Plaintiff states that he has some high school education but that he cannot speak, read, or write English very well. He offers no explanation for this representation. The Court notes that there is no indication in the record that someone other than Plaintiff is drafting his pleadings, all of which are understandable and written in English. In addition, the grievance related to this matter, which is attached to the Complaint, is readily understandable and uses fairly sophisticated vocabulary. Plaintiff is clearly capable of petitioning the court and requesting relief in a coherent manner and should be able to prosecute this matter without the assistance of counsel. As noted in the screening order, Plaintiff is alleging one count of excessive force with respect to one Defendant. Neither extensive discovery nor extensive motion practice is anticipated.

In the two remaining motions, Plaintiff states that he is unclear on how to present the Court with evidence, that he needs an "order of protection" against everyone at Menard Correctional

Center, that he is now in protective custody, and that he requesting the production of documents and an order compelling discovery and responses to interrogatories. As to the discovery requests, Plaintiff is informed that discovery in this matter will not commence until the Defendant, E. Chappelle, has entered an appearance. Upon such an entry of appearance and the issuance of a scheduling order, discovery will commence. At that point, Plaintiff can serve his discovery requests directly upon Defendant's counsel.

Plaintiff also requests an "order of protection," and states vaguely that he feels unsafe at Menard. The Motion contains no affidavit or other evidence regarding from whom Plaintiff requires protection or the nature of the threats against him. If Plaintiff seeks an injunction, in the form of a temporary restraining order, a preliminary injunction, or a permanent injunction, from the Court, he must file a motion and include an affidavit specifying who is threatening him, in what manner, and the nature of the threat. *See Fed.R.Civ.Pro.* 65. In particular, Plaintiff must state what irreparable injury he will suffer absent an injunction. Plaintiff is cautioned that a preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that he is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)).

For the foregoing reasons, the Motion for Recruitment of Counsel (Doc. 3) is **DENIED**, the Motion for Order of Protection (Doc. 7) is **DENIED WITHOUT PREJUDICE**, and the Motion for Miscellaneous Relief (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 17, 2013**

                     **DONALD G. WILKERSON**
                     **United States Magistrate Judge**